IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONI GARDNER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-3264 |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE | : | |
| COMPANY | : | |
| | : | |

MEMORANDUM OPINION

Henry, J.                                                                                                       September 3, 2025

Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This is a case in which Plaintiff, who is insured by Defendant, alleges that, following an automobile accident involving Plaintiff and a third party, Defendant has refused to pay Plaintiff for underinsured motorist ("UIM") benefits. Plaintiff brings two causes of action against Defendant for bad faith and breach of contract. Defendant now moves to dismiss the claim for bad faith.

I. **BACKGROUND**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The relevant facts as set forth in the Complaint are as follows:

On December 6, 2023, Plaintiff was severely injured in an automobile accident with a third party. ECF No. 1 ("Compl.") at ¶ 7. At the time of the accident, the third party was insured by Nationwide Insurance. *Id.* at ¶ 8. Plaintiff was insured by Defendant through her own first-party auto policy and a policy of her father, which carried combined full-tort underinsured motorist stacked limits of $200,000.00/$400.000.00. *Id.* at ¶ 9. Plaintiff accepted an offer from Nationwide

1

for $50,000 third-party bodily injury insurance, which was expressly approved by Defendant for the purposes of Plaintiff maintaining her rights to pursue an underinsured motorist claim. *Id.* at ¶¶ 10-11. Plaintiff was not deemed at fault for her role in the accident, but the third party was. *Id.* at ¶¶ 12-13. On May 21, 2025, Plaintiff provided Defendant's UIM adjuster, David Carrell, with a 659-page settlement memorandum and demand. *Id.* at ¶ 31(a) n.1. Plaintiff's counsel made various phone calls to Mr. Carrell inquiring as to the status of his evaluation of the claim, which went unreturned. *Id.* Then, on June 25, 2025, Mr. Carrell advised that Defendant was not in a position to make an offer at the time and required additional information before it would make an offer. *Id.* Specifically, Mr. Carrell indicated that Defendant needed further information as to Plaintiff's prior treatment for back pain in 2021. *See* ECF No. 7, Ex. C.[1] Plaintiff brought suit against Defendant the next day, June 26, 2025. As of the date of the Complaint, Defendant had not made a UIM offer to Plaintiff. Compl. at ¶ 31(a) n.1.

## II.  DISCUSSION

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6). If a plaintiff fails to state a claim upon which relief can be granted, the court may dismiss the action. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The Third Circuit has set forth a three-step analysis for Courts to apply in analyzing a motion to dismiss: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than

---

[1] Although the June 25, 2025 letter from Mr. Carrell is not attached as an exhibit to the Complaint, I may consider it at this point because it is explicitly relied upon in the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

I hold that Plaintiff has not set forth sufficient facts to state a claim for bad faith pursuant to 42 Pa. Cons. Stat. § 8371, which establishes the insurance bad faith cause of action in Pennsylvania. "In order to show bad faith on the part of an insurer under that statute, an insured must demonstrate that (1) the insurer did not have a reasonable basis for denying benefits under the relevant policy, and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the insured's claim." *Carr v. Travelers Home & Marine Ins. Co.*, 700 F. Supp. 3d 288, 295 (E.D. Pa. 2023) (citing *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017)). Bad faith can be shown by a frivolous or unfounded refusal to pay a claim, lack of investigation into the facts of a claim, or failure to communicate with a claimant. *Id.* (internal citations omitted). It may also exist where the insurer delayed in handling the claim. *See White v. Travelers Ins. Co.*, No. 20-cv-2928, 2020 WL 7181217, at *4 (E.D. Pa. Dec. 7, 2020).

As to the second element of a bad faith claim, the standard is higher than "mere negligence or bad judgment." *Id.* (internal citations omitted). In cases alleging delay in handling the claim, "the mere existence of the delay itself is insufficient." *Id.* "Rather, a court must look to facts from which it can infer the defendant insurer 'knew it had no reason to deny a claim; if [the] delay is attributable to the need to investigate further or even simple negligence, no bad faith has occurred.'" *Id.* (internal citations omitted). The length of the delay is relevant to an inference of knowledge or reckless disregard. *Id.*

Plaintiff's bad faith claim against Defendant is based on the following allegations about Defendant's conduct:

3

a. Failure to make *any* settlement offer after having been presented with full and complete documentary proof of 1) the extent of [Plaintiff's] collision-related injuries which included a highly invasive spinal surgery; 2) [Plaintiff's] full-tort status; 3) the clear liability on the part of the tortfeasor; and 4) the extent of the tortfeasor's bodily injury insurance limits and that such limits had been tendered;

b. Failure to properly investigate [Plaintiff's] claim;

c. Failure to properly consider evidence supplied by [Plaintiff] and her counsel in support of her claim;

d. Causing [Plaintiff] to suffer undue hardship as a result of wanton and arbitrary claims-handling practices;

e. Willfully neglecting to consider or process evidence in an effort to save from paying [Plaintiff] the benefits to which she was legally entitled;

f. Adopting a company practice of intentionally undervaluing underinsured motorist claims and delaying paying said claims for an unreasonable period of time;

g. Delaying and refusing to pay [Plaintiff's] claim despite having no medical or legal reason not to;

h. Forcing [Plaintiff] to file suit to recover UIM benefits owing to her;

i. Failing to make reasonable and fair offers of settlement of [Plaintiff's] UIM claim;

j. Making representations that were unreasonable in light of the facts and circumstances surrounding [Plaintiff's] claims;

k. Making no offers of settlement, in unfair and unreasonable fashion, in light of the injuries and losses sustained by [Plaintiff] as a result of the collision;

l. Breaching covenants of good faith and fair dealing;

m. Failing to pay all sums of money owed to [Plaintiff];

n. Causing [Plaintiff] unnecessary and undue hardships;

o. Engaging in unfair settlement negotiations with their insured;

p. Maintaining positions contrary to the policy, facts and evidence; and

q. Committing various violations of the Pennsylvania's Unfair Insurance Practices Act, 40 P.S. §1171.1 et seq. and related regulations including but not limited to The Unfair Claim Settlement Practices Regulations, 31 §146.1 et seq.

Compl. at ¶ 31 (emphasis in original).

In its Motion to Dismiss, Defendant first contends that "[t]he gist of the plaintiff's bad faith claim is simply that she believes [Defendant] should tender the policy limits (or at least make an offer) based on the information presented, without any additional investigation." *See* ECF No. 7-5 ("Mot.") at 6.  Specifically, Defendant says, it did not reject Plaintiff's claim, but has instead indicated that additional investigation is needed—namely, investigation into Plaintiff's pre-accident treatment for back pain. *Id.* at 7. Defendant argues that such investigation is proper with respect to an underinsured motorist claim, and Plaintiff has not alleged any facts to show why the investigation would be considered unreasonable. *Id.* at 7-8. Plaintiff responds by arguing that Defendant "fail[ed] to properly investigate" her claim and "unnecessarily delay[ed] the payment of insurance funds." ECF No. 8 ("Opp.") at 18. Plaintiff takes issue with Defendant's alleged "failure to evaluate, to any extent, or to respond, over a 35-day period, to Plaintiff's repeated inquiries as to the status of the evaluation of the claim." *Id.*

It cannot seriously be said that Defendant's actions as alleged amount to bad faith. Plaintiff provided Defendant with a 659-page settlement demand package and brought suit just over a month later when Defendant stated that it would need further investigation before it could make an offer. Plaintiff has not shown that Defendant's initial declination to make an offer amounts to "a frivolous or unfounded refusal" to pay its claim. *See Carr*, 700 F. Supp. 3d at 295. Rather, Defendant has simply requested more information as to Plaintiff's medical history before making an offer. Plaintiff has alleged no facts as to why that request for information is unreasonable. *See Shaffer v. State Farm Mut. Auto. Ins. Co.*, 643 F. App'x 201, 204 (3d Cir. 2016) (affirming grant of summary judgment to insurer on bad faith claim where plaintiff provided no evidence to show that insurer's request for plaintiff's "extensive history of relevant medical ailments prior to the accident" was anything other than "an attempt to further investigate [plaintiff's] medical history

to determine the value of the UIM claim"); *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, 646 F. Supp. 3d 610, 625-26 (E.D. Pa. 2022) (rejecting argument as to bad faith in investigation where the plaintiff "fail[ed] to provide the Court with evidence that [defendant's] delays and intention were anything other than what they presented it to be: an investigation into [plaintiff's] medical history to properly determine the value of the UIM claim"). Nor has Plaintiff shown "a lack of investigation into the facts" of her claim. *See Carr*, 700 F. Supp. 3d at 295. Indeed, Defendant has explicitly said that it needs to undertake *further* investigation of the claim. And I fail to see how Defendant's lack of response to Plaintiff's requests for information as to the status of its claim over this relatively short time period can amount to bad faith, especially when Defendant was tasked with reviewing Plaintiff's "highly-detailed, 659-page" settlement memorandum and demand. *See* Compl. at ¶ 31(a) n.1.

As to any allegations of delay, I hold that thirty-five days is not an unreasonable amount of time for Defendant to investigate Plaintiff's claims. *See Robbins v. Metro. Life Ins. Co. of Connecticut*, No. 08-cv-0191, 2008 WL 5412087, at *8 (E.D. Pa. Dec. 29, 2008) ("[A] four month delay is not, by itself, so unusual or unreasonable to indicate bad faith."); *Meyers v. Protective Ins. Co.*, No. 16-cv-01821, 2017 WL 386644, at *7 (M.D. Pa. Jan. 27, 2017) ("I am unable to find precedent supporting that proposition that an insurance company's investigation of a claim lasting three-and-a-half months is unreasonably lengthy."); *Lopez v. State Farm Mut. Auto. Ins. Co.*, No. 24-cv-1750, 2024 WL 2874556, at *2 n.1 (E.D. Pa. June 6, 2024) ("Two months is well within the timeframe that courts have held to be reasonable, especially considering that insurance investigations often take several months."). This is especially true given Plaintiff's admittedly extensive settlement demand package. It is axiomatic that an insurer has a right to investigate and evaluate UIM claims. *Higman v. State Farm Mut. Auto. Ins. Cos.*, No. 18-cv-0662, 2018 WL 5255221, at *4 (W.D. Pa. Oct. 22, 2018). And when that investigation and evaluation causes

delay, that does not amount to bad faith. *See White*, 2020 WL 7181217, at *4. Thus, even if thirty-five days to investigate a claim were unreasonable, it still would not amount to bad faith so long as it was due to the need for further investigation.

Finally, Defendant argues that Plaintiff's "boilerplate, generalized bad faith assertions are also insufficient to support a bad faith count." Mot. at 8. Plaintiff replies that it has pled its bad faith claim "in excruciating detail." Opp. at 18. She then sets forth the facts that she alleges support her claim:

> a) she was in a motor vehicle collision; b) the motor vehicle collision caused severe injuries requiring highly-invasive spinal surgery; c) the tortfeasor was underinsured; d) she forwarded a 659-page Demand Package to [Defendant] for evaluation of her UIM claim, containing all relevant medical records; e) despite providing such comprehensive materials, [Defendant] over a 35-day period, refused return inquiries as to the status of the evaluation and has refused to evaluate the case for any settlement of any kind.

*Id.* at 18-19 (internal citations omitted). I disagree with Plaintiff's assertion that she has pled sufficient facts to show Defendant's bad faith. Even though she has pled facts showing the extent of her injuries, the third-party's liability in the accident, and the limits of the third party's insurance, she has not pled facts sufficient to show why Defendant's request for further information about Plaintiff's medical history before making a settlement offer—a request that was made a mere 35 days after receiving a 659-page settlement demand—amounts to bad faith.

### III. CONCLUSION

For the reasons discussed more fully above, Defendant's motion to dismiss Plaintiff's bad faith claim is granted without prejudice to Plaintiff's right to re-allege bad faith after the conclusion of discovery if warranted.

An appropriate Order follows.